[Cite as *In re E.W.*, 2018-Ohio-2863.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re E.W., D.B., J.B., B.B.                Court of Appeals No. L-18-1024

Trial Court No. JC 15250642

**DECISION AND JUDGMENT**

Decided:  July 20, 2018

* * * * *

Adam H. Houser, for appellant.

Bradley W. King, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a December 28, 2017 judgment of the Lucas County

Court of Common Pleas, Juvenile Division, which terminated the parental rights of

appellant, mother, and granted custody of the subject minor children, E.W., D.B., J.B.,

and B.B. to appellee, Lucas County Children Services ("LCCS").  For the reasons set forth below, the judgment of the trial court is hereby affirmed.

{¶ 2} Appellant sets forth the following two assignments of error:

1.  The finding that the child[ren] could not be placed with appellant was against the manifest weight of the evidence.

2.  The trial court improperly used mother's use of a legally prescribed medication as reason to terminate her parental rights.

{¶ 3} On October 2, 2015, LCCS filed the complaint in dependency and neglect and a motion for shelter care housing regarding the subject minor children.  On November 24, 2015, following an adjudicatory hearing, the children were found to be neglected and temporary custody was awarded to LCCS.

{¶ 4} On June 27, 2017, LCCS filed for permanent custody of the minor children.  On September 26, 2017, the permanent custody trial was conducted.  Appellant was present at the trial.

{¶ 5} On December 28, 2017, permanent custody of the minor children was awarded to LCCS.  In reaching the subject decision, the trial court noted that the children had been in the temporary custody of LCCS for 23 consecutive months, the father of E.W. abandoned the child, did not participate in case plan services, and did not visit the child.  The court noted that the father of the remaining three children possessed an extensive history of severe drug abuse, and repeatedly failed to participate in or complete recommended drug addiction services.  The court further found that appellant did not

2.

successfully address her issues of chronic substance abuse and homelessness so as to warrant reunification and doing so would run counter to the best interests of the children. This appeal ensued.

{¶ 6} In early 2015, LCCS began working with appellant regarding the subject children. The primary parental issues underlying this matter entail extensive substance abuse and chronic homelessness.

{¶ 7} Testimony presented at trial reflected that the father of D.B., J.B., and B.B. possesses a serious and ongoing drug and addiction issue involving heroin, opioids, and marijuana. Although being offered a customized treatment plan at Unison so as to not conflict with his work schedule, he nevertheless did not attend the sessions and was unsuccessfully discharged. Subsequently, he was offered services through Zepf, and similarly failed to follow through with treatment services.

{¶ 8} Testimony presented at trial reflected that although appellant attended a recommended methadone treatment program for her serious and ongoing drug addiction issues, she failed to follow through on needed mental health services, was terminated from the methadone treatment program due to a positive drug test result, and was also unsuccessfully terminated from the Family Drug Court Program for noncompliance.

{¶ 9} In addition to the parents possessing ongoing severe drug problems that they did not successfully address so as to potentially facilitate reunification in the best interest of the children, the record further reflects an issue of chronic homelessness that is likewise contrary to the best interest of the children.

3.

**{¶ 10}** Testimony presented at trial reflected that appellant resided with the children at numerous homeless shelters in recent years. Notably, appellant and the children were ejected from the shelters due to appellant's noncompliance. The testimony demonstrated that appellant did not cooperate with shelters including La Posada, St. Paul's, Beach House, and a housing program run by Neighborhood Properties, Inc. ("NPI").

**{¶ 11}** Testimony presented at trial reflected that although appellant claimed to have suitable private housing so as to potentially facilitate reunification in the fall of 2017, the housing lacked functional central heat, lacked adequate space for appellant and her children, appellant could not produce a lease reflecting lawful residency, and appellant was evicted shortly thereafter.

**{¶ 12}** Testimony presented at trial reflects that although appellant was specifically instructed that, due to the severity of his drug addiction, maintaining a relationship with and resuming cohabitation with the father of the children would be a barrier to reunification, appellant nevertheless persisted in conveying that if the children were returned she would resume cohabitation with the drug addicted father of the children.

**{¶ 13}** Testimony presented at trial reflects that in addition to appellant not making adequate progress in addressing her own drug addiction, appellant also had become addicted to methadone, the drug prescribed to her to combat her heroin and

4.

opium addiction. Consistently, appellant refused to reduce or taper down her levels of methadone usage as recommended by the treating professionals.

{¶ 14} Based upon the above-described facts and circumstances, the guardian ad litem assigned to this case recommended that permanent custody be granted to LCCS given appellant's failure to effectively address either the chronic drug abuse or chronic homelessness issues despite LCCS and multiple agencies offering a wide array of services over the course of many years. The trial court found it to be in the best interest of the children for permanent custody to be granted to LCCS.

{¶ 15} In the first assignment of error, appellant maintains that the trial court ruling was against the manifest weight of the evidence. We do not concur.

{¶ 16} It is well-established that a trial court ruling on a disputed motion for permanent custody must be supported by clear and convincing evidence. *In re J.B.*, 6th Dist. Lucas No. L-06-1161, 2007-Ohio-2537, ¶ 27.

{¶ 17} In addition, deference is given to the lower court's findings as they are best suited to view the witnesses, observe their demeanor, and weigh evidentiary and witness credibility. *Sullivan v. Sullivan*, 6th Dist. Lucas L-09-1022, 2010-Ohio-3064, ¶ 62.

{¶ 18} R.C. 2151.414 establishes that permanent custody determinations require assessing whether the child cannot or should not be placed with the parent within a reasonable timeframe and whether an award of permanent custody is in the child's best interest.

5.

{¶ 19} Specifically, the trial court in this matter determined pursuant to R.C. 2151.414(E)(1) that appellant, "failed continuously and repeatedly to substantially remedy the conditions." We concur.

{¶ 20} The record of evidence reflects that despite years of the provision of a wide array of needed services to appellant by LCCS, appellant did not successfully secure and maintain safe, stable housing suitable for reunification.

{¶ 21} On the contrary, the record reflects that appellant was removed and/or failed to cooperate with multiple homeless shelters and temporary housing services. In addition, at the time that decisions were being made regarding reunification, appellant's housing lacked functioning central heat, appellant could not furnish a lease demonstrating lawful occupancy, and appellant was later evicted.

{¶ 22} With respect to appellant's substance abuse issues, the record reflects that appellant was unsuccessfully terminated from the SASI drug treatment program due to a positive drug reading, did not cooperate with mental health services, was unsuccessfully terminated from the Family Drug Court Program, became chemically dependent on the methadone furnished to appellant in an effort to combat her heroin and opioid addiction, and did not cooperate in the recommended reductions in the dosage of methadone.

{¶ 23} The record encompasses ample clear and convincing evidence reflecting that appellant failed to substantially remedy the conditions. We find clear and convincing evidence in support of the disputed trial court determination that the award of permanent

6.

custody to LCCS was in the best interest of the children. Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 24} In appellant's second assignment of error, appellant summarily maintains that the trial court improperly terminated appellant's parental rights in connection to appellant's methadone usage. We do not concur.

{¶ 25} The record reflects that the trial court found that the children had been in the custody of LCCS for nearly 2 years. The record reflects that appellant had been unsuccessfully involved in services off and on for many years, in multiple states.

{¶ 26} The record reflects that due to the chronic drug addiction of the parents and chronic homelessness of the parents, the children were in great need of a legally secure and permanent placement. The record reflects that appellant failed to successfully address these issues despite years of reasonable efforts by LCCS.

{¶ 27} In conjunction with the above, the record further reflects that appellant was living in a residence without functioning central heat, could not demonstrate lawful occupancy, continued to insist upon residing with the father upon potential reunification despite the father's ongoing drug addiction, and appellant was not forthcoming in the status of her own ongoing drug addiction.

{¶ 28} It is well-established that it is highly probable for trial courts to award permanent custody to the children protective services agency when the parties seeking reunification have not adequately or successfully followed through with necessary drug

7.

treatment. *In re Ma.J.*, 6th Dist. Lucas Nos. L-17-1172, L-17-1173, L-17-1174, 2018-Ohio-575.

{¶ 29} The record reflects that the disputed trial court judgment was based upon appellant's failure to maintain stable, suitable housing, and the accompanying failure to achieve stable, suitable sobriety. As such, the trial court properly found it to be in the best interest of the children to award permanent custody to LCCS. We find appellant's second assignment of error not well-taken.

{¶ 30} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                          JUDGE
Thomas J. Osowik, J.

                                  _____
James D. Jensen, J.                       JUDGE
CONCUR.

                                  _____
                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.